IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **NATAYSHA ANDERSON** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **THAD CLAYTON.,** in his | ) |
| official capacity as Superintendent; | ) |
| **IRWIN COUNTY SCHOOL DISTRICT** | |
| **JAMES CURTIS,** in his official capacity | ) |
| as Board Member; **LAMAR PURVIS,** | ) |
| in his official capacity as Board Member; | ) |
| **PAIGE WYNN**, in her official capacity | ) |
| as Board Member; **KURT WILMOT**, in | ) |
| his official capacity as Board Member; | ) |
| **GARY PAULK**, in his official | ) |
| capacity as Board Member | |
|     **Defendants.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, NATAYSHA ANDERSON (hereinafter "Plaintiff "), and files his Complaint by stating the following:

### I.   INTRODUCTION

**1.**

This is a race discrimination and retaliation action based in Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. ("Title VIl"),as amended by the Civil Rights act of 1991, 42 U.S.C. § 1981, the Equal Protection Clause of the 14th Amendment to the Constitution of the United States, and 42 U.S.C. § 1983.  In addition, Ms. Anderson pleads any applicable state claim and a claim for attorney's fees and costs.

**2.**

The jurisdiction of this Court is based upon 28 U.S.C. 1331, in that this Court has original jurisdiction of this matter which is based upon the laws of the United Stated of America.

**3.**

Plaintiff also invokes the pendant jurisdiction of this Court to consider claims which arise pursuant to State Laws.

**4.**

This is an action seeking redress for the violation of rights guaranteed to the Plaintiff pursuant to Title VII of the 1964 Civil Rights Act as amended, 42 U.S.C. §2000, et. seq. and the Age Discrimination Enforcement Act

**5.**

Nataysha Anderson is an African American Female. Ms. Anderson has been a certified teacher in the State of Georgia since 2006.

**6.**

Plaintiff was suspended and refused to allow her to return amidst the false allegations. In August 2020, Plaintiff was forced to resign her employment with the Defendants as a result of racial discrimination in her employment. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission on February 1, 2021.

**7.**

On or about February 8, 2021, the EEOC issued Plaintiff a Notice of Right to Sue. (See Exhibit A, attached hereto.)

**8.**

Plaintiff filed the instant Complaint within the ninety days from the date she received her Notice of Right to Sue.

## **DEFENDANTS**

**9.**

Defendant Thad Clayton., hereinafter referred to as "the Superintendent", is the Superintendent of the Irwin County Public School System and is the principle administrator of said system. In his capacity as Superintendent, he is responsible for, *inter alia*, the hiring of administrators, the discharge of administrators and the enforcement of the school's anti-discrimination policy.

**10.**

Defendant Irwin County School Board, hereinafter referred to as "the Board", is a body politic, organized and existing under the laws of the State of Georgia, and charged by these laws with the operation and administration of the schools of Irwin County. In its name, it may sue and be sued, and is capable of contracting and being contracted with. The office of "the Board" is located in Irwin County, Georgia. The individual Defendants who constitute "the Board" are citizens and residents of Irwin County and are over the age of twenty-one years. They are duly elected and appointed, qualified and acting members of the Board of Education of the school district at the time of the filing of this Petition. The Board administers all public schools in the school district, exercises such authority and assumes such responsibilities as are provided by law including, but not limited to, employing teachers and administrators, fixing their salaries and discharging them when good and sufficient reasons exist.

**11.**

Defendant Thad Clayton may be served at, 210 North Apple St. Ocilla, Georgia 31774.

**12.**

Defendants Irwin County School System and Irwin County School Board may be served through Thad Clayton, Superintendent, at 210 North Apple St. Ocilla, Georgia 31774.

**13.**

Defendant James Curtis is a duly elected member of the Irwin County School Board and is sued in his official capacity. He may be served at 210 North Apple St. Ocilla, Georgia 31774.

**14.**

Defendant Kurt Wilmot is a duly elected member of the Irwin County School Board and is sued in his official capacity. He may be served at 210 North Apple St. Ocilla, Georgia 31774.

**15.**

Defendant Paige Wynn a duly elected member of the Irwin County School Board and is sued in her official capacity. She may be served at 210 North Apple St. Ocilla, Georgia 31774.

**16.**

Defendant Gary Paulk is a duly elected member of the Irwin County School Board and is sued in his official capacity. He may be served at 210 North Apple St. Ocilla, Georgia 31774.

**17.**

Defendant Lamar Purvis is a duly elected member of the Irwin County School Board and is sued in her official capacity. He may be served at 210 North Apple St. Ocilla, Georgia 31774.

**18.**

Plaintiff became employed with Irwin County Schools in 2019. In 2019 Plaintiff began her tenure at Irwin County High School. Plaintiff was the only African American teacher at Irwin County High School from 2019-2020. Plaintiff remained employed at Irwin County High School until she was forced to resign in the Fall of 2020. Plaintiff was an educator for fifteen(15) years before resigning from the Irwin County School System

**19.**

On or about August 5,2020 and on multiple dates thereafter Scott Haskins in cooperation with Superintendent Clayton contacted multiple students regarding false allegations

that Plaintiff completed their homework assignments in exchange for money.  Mr. Haskins contacted current and students that had recently graduated from Irwin County High School to accuse Plaintiff of the alleged impropriety. and solicit statements to support the false allegations.

20.

Plaintiff was not contacted and questioned about the allegations from Mr. Haskins and Superintendent Clayton.  She was not provided an opportunity to be heard or provide an appropriate response to the false allegations before they spread the false allegations in the community and suspended her employment.

21.

In light of the damaging accusations from the principal, Plaintiff contacted her association attorney.  Upon contacting the attorney, Plaintiff was informed that the Superintendent and Principal Haskins made additional false allegations against her.

**22.**

Mr. Haskins and Superintendent Clayton  made allegations that Anderson completed assignments for money, solicited money from students and stole a school computer.  Plaintiff was charged with allegations before the Professional Standards Commission and the Irwin County Board of Education

**23.**

Similarly situated white employees were not terminated by the Irwin County Board of Education nor did they have their violations brought before the Professional Standard Commission. Defendants have a pattern and practice of disciplining and/or terminating African American employees more frequently than employees of another race.

**24.**

On August 11, 2020, Plaintiff spoke with a student and his mother about additional false allegations that Plaintiff received money to complete homework for the child. The student advised that they contacted Mr. Haskins and advised that they were not going to participate and provide false information about Plaintiff.

25.

Plaintiff was falsely accused by all white administrators and staff. The acts of the administrators and superintendent created an unpleasant and difficult work environment. The acts were so hostile and malicious that Plaintiff was forced to resign amid the false allegations from the administrators, superintendent and other employees of the Irwin County Board of Education.

26.

Plaintiff is aware of white teachers that have committed offenses while at the school including but not limited to being drunk on the school campus, allegations of sexual relationships with students, posting racist content on social media, completing home work assignments for students, encouraging students to share answers and drinking on the school premises.. Similarly situated white educators have not been terminated, forced to resign nor charged with criminal allegations.

27.

The acts of the employees and Superintendent of the Irwin County Board of Education placed Plaintiff's certification in jeopardy. The Georgia Professional Standards Commission proposed revocation of her teaching certificate.

28.

On January 12, 2021, Anderson was informed that the Georgia Professional Standards Commission reviewed the file and investigation revealed that the charges were not supported in the evidence provided for her matter.  Ultimately the Commission reversed course on the revocation and issued a warning.

**29.**

Defendants engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against the Plaintiff on the basis of race.

**30**

The Defendants conduct in terminating the Plaintiff violated Title VII of the 1964 Civil Rights Act as amended.

**31.**

The Plaintiff has no plain, adequate, or complete remedy at law by which to address the wrongs alleged herein and this action for an injunction and other relief is her only means of securing adequate relief.  Plaintiff is suffering and will continue to suffer irreparable injury as a result of the acts of the Defendants.

**32.**

The effect of Defendants' discrimination against Plaintiff is to deprive her of equal employment opportunities, including, but not limited to, causing the termination of her employment, and otherwise adversely affecting his status as an employee because of her race in violation of Title VII.

**33.**

As a result of the Defendants' conduct, the Plaintiff has suffered a loss of income, a loss of fringe benefits, a loss of seniority, and has incurred expenses in his search for replacement employment.

**34.**

The Plaintiff has exhausted the requisite administrative remedies and/or prerequisites for bringing the action herein.

**35.**

Defendants' actions were willful, intentional and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

## COUNT I

## RACIAL DISCRIMINATION

36.

Plaintiff incorporates by reference paragraphs 1 through 35 as if fully restated herein.

37.

Plaintiff was wrongfully disciplined and believes that the school board, members of the Irwin County Board of Education and Irwin County Schools fabricated reasons for disciplining Plaintiff were pretextual. Plaintiff was not counseled nor did she receive any progressive discipline prior to her termination. Plaintiff was denied due process and was intentionally removed from the investigation of the false allegations that include but are not limited to theft, accepting money from students to complete their assignments and soliciting students to receive money from said students.

38.

Superintendent Clayton and employees of Irwin County School District in various roles engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against the Plaintiff on the basis of her race. Defendant Superintendent in collaboration with multiple employees from the Irwin County schools participated to terminate and force the resignation of Plaintiff based on her race.

39.

Plaintiff further believes that she was discriminated against based on her race as similarly situated employees that have engaged in the same or more egregious offenses have not been terminated. Nor forced to resign. As of the date of her resignation, she was not presented with a written action outlining any violation of policy or infraction that justified the fraudulent accusations against Plaintiff.

40.

The Plaintiff is suffering and will continue to suffer irreparable injury as a result of the acts of the Defendant. The effect of Defendant's discrimination against Plaintiff is to deprive her of equal employment opportunities, including, but not limited to, causing the suspension and termination of her employment, and otherwise adversely affecting her status as an employee because of her race.

41.

As a result of the Defendants' conduct, the Plaintiff has suffered a loss of income, a loss of fringe benefits, a loss of seniority, and has incurred expenses in her search for replacement employment.

42.

The Plaintiff has exhausted the requisite administrative remedies and/or prerequisites for bringing the action herein.

43.

Defendant's actions were willful, intentional and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

## COUNT TWO

## DISPARATE TREATMENT

44

Plaintiff incorporates by reference paragraphs 1 through 43 as if fully restated herein.

45.

Plaintiff was harassed for conduct similar or identical to the conduct of her white, Caucasian counterparts also employed by the Irwin County School District who were not harassed and whose employment was not threatened. Her white counterparts committed more egregious acts and were not harassed or threatened with termination.

46.

In particular, Plaintiff's white co-workers were allowed to participate in the investigation of any allegations and were not suspended during the pendency of any investigation.

47.

Plaintiff's white co workers did not have allegations reported to the Georgia Professional Standards Commission.

48.

The actions and inaction of the Defendants in harassing Plaintiff , forcing her to resign her employment and impeding subsequent employment, and not harassing, terminating the employment and impeding subsequent employment of similarly situated white co-workers denied her the rights enjoyed by her white counterparts to make and enforce her contract of employment and to have the full and equal benefit of all laws as is enjoyed by white citizens, as described above and to be further proved at trial, because of her race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

49.

The actions of Defendants were committed intentionally and caused Plaintiff  significant financial loss and emotional distress.

50.

As a direct, legal and proximate result of the Defendants' violations of Plaintiff's  legal rights, Plaintiff has been injured in an amount to be proven at trial.

51.

Defendants, acting under color of statute, ordinance, regulation, and with a policy, custom, or usage of allowing, abetting and perpetrating racial discrimination, subjected Plaintiff or caused her to be subjected, to the deprivation of rights, privileges, or immunities secured by the Civil Rights Act , 42 U.S.C. § 1981, by and through 42 U.S.C. § 1983.

52.

Defendants are liable to Plaintiff for all damages arising from their collective and individual conduct violating Plaintiff's rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

53.

Plaintiff requests that the Court award damages and equitable relief against Defendants and for Plaintiff in an amount to be determined by evidence offered at trial of this matter.

## COUNT THREE

## EQUAL PROTECTION UNDER THE 14TH AMENDMENT
## TO THE CONSTITUION OF THE UNITED STATES

54.

Plaintiff incorporates by reference paragraphs 1 through 53 as if fully restated herein.

55.

For the reasons set forth above, Defendants have further violated Plaintiff's rights under the Equal Protection Clause of the 14th Amendment to the Constitution of the United States.

56.

The actions of Defendants were committed intentionally and with deliberate indifference to Plaintiff's constitutional rights and caused her significant financial loss and emotional distress.

57.

As a direct, legal and proximate result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff has been injured in an amount to be proven at trial.

58.

Defendants, acting under color of statute, ordinance, regulation, and with a policy, custom, or usage of allowing, abetting and perpetrating racial discrimination, subjected Plaintiff ,or caused her to be subjected, to the deprivation of rights, privileges, or immunities secured by the Equal Protection Clause of the 14th Amendment to the Constitution of the United States, by and through 42 U.S.C. § 1983.

59.

Defendants are liable to Plaintiff for all damages arising from their collective and individual conduct violating Plaintiff's constitutional rights for which Plaintiff requests that the Court award damages and equitable relief against Defendants and for Plaintiff in an amount to be determined by evidence offered at trial of this matter.

## COUNT FOUR

## DAMAGE TO REPUTATION

60.

The Plaintiff herein incorporates by reference the allegations as set out in paragraphs 1 through 59 of her complaint.

61.

In investigating Plaintiff, contacting students and their parents and making false allegations to the Georgia Professional Standards Commission, Defendants have caused Plaintiff

to suffer and endure a severe stigma on her personal and professional reputation in the eyes of her colleagues and peers, the general geographical community of which Plaintiff has been regarded heretofore as an outstanding member.

## COUNT FIVE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.

The Plaintiff herein incorporates by reference the allegations as set out in paragraphs 1 through 61 of her Complaint.

63.

The actions of the Defendant have inflicted intentional emotional distress upon the Plaintiff.

64.

Superintendent Clayton as the head of Irwin County School District in concert with various employees from the Irwin County School District has engaged in conduct that was so egregious and malicious that Plaintiff was forced to resign her employment.  Said intentional acts of false allegations and statements to members of the Irwin County School District and the community at large have severely affected her and her family. The aforementioned conspiracy against Plaintiff as set forth herein and above has caused, and continue to cause, Plaintiff emotional trauma that is outrageous and egregious. Defendants' have intentionally inflicted emotional trauma on Plaintiff by Defendants' willful and intentional conduct through its agents and employees in discriminating against Plaintiff based on her race.

**WHEREFORE, Plaintiff prays for a judgment as follows**:

(a) Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendants from continuing to violate Plaintiff's civil rights;

(b) Issue an order awarding Plaintiff back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole and compensate her for the claims described above;

(c) Award Plaintiff front pay, fringe benefits, and other compensation;

(d) Award Plaintiff compensatory, general, and punitive damages

(e) Award Plaintiff the costs of this action, including reasonable attorney's fees, and such other legal and equitable relief as this Court deems just and proper; and

(f) A jury trial to try all issues in this civil action.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/KARLA WALKER
/s/ Karla L. Walker
State Bar No. 732288
Attorney for Plaintiff
COPELAND, HAUGABROOK & WALKER
P. O. Box 1810
Valdosta, GA 31603-1810
Telephone: (229) 247-4617
Fax: (229) 242-0109